UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEWIS GARRETT,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>T. PEREZ, et al.,<br><br>　　　Defendants. | 1:14-cv-00787-GSA-PC<br><br>ORDER DISMISSING THIS CASE AS DUPLICATIVE OF CASE 1:14-CV-0751-SKO-PC<br><br>ORDER FOR CLERK TO ADMINISTRATIVELY CLOSE CASE |

## I.　BACKGROUND

Marcus Lewis Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 19, 2014, at the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.)  On May 22, 2014, the case was transferred to the Fresno Division.  (Doc. 4.)

On June 2, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 3.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

## II.   DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir.1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims

"would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Discussion**

Plaintiff has two civil rights cases pending before this court.  The first case was filed on May 19, 2014, and is pending as case 1:14-cv-00751-SKO-PC, Garrett v. Perez, et al.  (Court Record.)  The second case is the present case, 1:14-cv-00787-GSA-PC, Garrett v. Perez, et al., filed on May 19, 2014 and transferred to this court on May 22, 2014.

From a review of Plaintiff's two cases, the Court finds that the present case is duplicative of case 1:14-cv-00751-SKO-PC.  Both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, requested relief, and exhibits are identical.  The two cases appear to be identical copies of each other.  Based on these facts, the court finds the present case to be duplicative of case 1:14-cv-00751-SKO-PC.  Therefore, the present case shall be dismissed.

**III.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. This case is DISMISSED as duplicative of case 1:14-cv-00751-SKO-PC; and
2. The Clerk is directed to administratively CLOSE this case.

IT IS SO ORDERED.

　Dated:   **October 31, 2014**                              **/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE